IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN E. WILLIAMS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-01516-E (BT) |
| | § | |
| MEDICAL CITY OF DALLAS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff John E. Williams brings this *pro se* civil action against Medical City of Dallas, but he has failed to establish subject matter jurisdiction exists. Therefore, the Court should dismiss the case without prejudice.

**Background**

In this lawsuit, Williams alleges that his son, Isaiah D. Williams (Isaiah), died on August 20, 2021, at Medical City Dallas, as a result of the hospital's "gross negligence." *See* Compl. 2 (ECF No. 7). Williams claims that Medical City of Dallas failed to provide Isaiah with "proper care" and "mishandled [Isaiah's] body" after his death. Compl. 3, 4. As relief, Williams seeks one million dollars in damages. Compl. 6.

The Court is "duty-bound" to examine its subject-matter jurisdiction *sua sponte*. *[Burciaga v. Deutsche Bank Nat'l Tr. Co., 871 F.3d 380, 384 n.4 (5th Cir. 2017)](.)*. S*ee also [Giles v. NYLCare Health Plans, Inc., 172 F.3d 332,](.)*

336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject-matter jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").[1]

## Legal Standards

Federal courts have limited subject-matter jurisdiction and cannot hear a case unless authorized by the Constitution or a federal statute. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). District courts have original jurisdiction over two types of cases: (1) those that arise under federal law, *see* 28 U.S.C. § 1331 (federal question jurisdiction), and (2) those in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332(a) (diversity jurisdiction). *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g., Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002), the Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal

---

[1] Although Defendant recently filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), among other reasons, the Court should pretermit consideration of that motion (ECF No. 10) in view of the recommendation to *sua sponte* dismiss this case for lack of subject-matter jurisdiction.

forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily by cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted).

## Analysis

Here, Williams fails to sufficiently plead facts supporting federal question jurisdiction. Liberally construing his various submissions, *see generally* ECF Nos. 3, 7, 8, 9, Williams asserts claims for wrongful death, medical malpractice, and gross negligence. However, each of these claims is a state law claim—arising under Texas law, not federal law. And there is generally no federal question jurisdiction when the plaintiff pleads only a state law cause of action. *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Williams also fails to plead facts demonstrating diversity jurisdiction exists. Williams alleges that he lives in Fort Worth, Texas. Compl. 1, 3. And he has named only one defendant, Medical City of Dallas, which he alleges is located in Dallas, Texas. *Id.* at 3. Because Williams has failed to plead complete diversity of citizenship, he cannot meet his burden of establishing diversity jurisdiction exists. *See Kokkonen v. Guardian Life Ins. of America,*

511 U.S. 375, 377 (1994); *see also* *Pershing, L.L.C. v. Kiebach,* 819 F.3d 179, 181 (5th Cir. 2016)

Even under the most liberal construction of his pleadings, Williams has failed to allege facts supporting either federal question or diversity jurisdiction. The Court should therefore dismiss this action for lack of subject-matter jurisdiction.

## Conclusion

The Court should *sua sponte* DISMISS this case for lack of subject-matter jurisdiction.

**SO RECOMMENDED**.

October 20, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)